**CHEN–GUAN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–40464–ag.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2006.

PRESENT: Hon. DENNIS JACOBS, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Chen–Guan Zheng, a native and citizen of China, seeks review of an August 12, 2003 order of the BIA affirming the April 19, 2002 decision of Immigration Judge ("IJ") John Opaciuch denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen–Guan Zheng*, No. A 78 293 132 (BIA August 12, 2003), *aff'g* No. A 78 293 132 (Immig. Ct. N.Y. City April 19, 2002).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as the respondent in this case.

*Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Zheng claims that he suffered past persecution in China. Substantial evidence, however, supports the IJ's finding that Zheng did not describe any actions that rose to the level of persecution. Zheng failed to demonstrate that he was either mistreated or mishandled. *See Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir. 2006). Nor has Zheng shown economic deprivation that might constitute persecution. *See Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67, 70 (2d Cir.2002). The IJ's finding that Zheng has not proven past persecution is, thus, supported by substantial evidence in the record.

In his brief to this Court, Zheng has not challenged the IJ's denial of his claim of well-founded fear of persecution based on his illegal exit from China. And issues not sufficiently argued are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

The IJ did not believe that Zheng would suffer future persecution. Zheng claims that, although he admittedly was not a member of Falun Gong, the IJ and BIA overlooked evidence that Chinese authorities may have imputed an anti-government opinion or Falun Gong affiliation to him, and on that basis may subject him to future persecution.

Zheng's argument has some merit but ultimately fails. In *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005), this Court found that the main issue in finding whether a petitioner was persecuted "on account of" an enumerated ground in the Immigration and Nationality Act ("Act") was not whether the petitioner was a practitioner of Falun Gong, but whether, because of his activities, authorities would have *perceived* him to be a practitioner or supporter of the movement. We, therefore, agree that the IJ may have failed to consider adequately the fact that, although Zheng was not a Falun Gong practitioner, he might have been perceived by the Chinese government to be a Falun Gong practitioner or supporter.

Nevertheless, "[w]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005). And, when, as here, an asylum petitioner has failed to establish past persecution, he has the burden of proving an objectively reasonable fear of future persecution. *See Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991) (holding that to establish fear of future persecution a petitioner must provide documentary proof or credible testimony of "specific facts" that give rise to the inference of a reasonable fear of future persecution). This Zheng has not done; that is, we conclude that even if the IJ took full account of the risk that the authorities might impute a political opinion to him, Zheng did not proffer enough evidence to meet his burden here. Because Zheng is unable to establish his eligibility for asylum, he also fails to satisfy the higher burden for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). Zheng's claims under CAT also fail, since substantial evidence supports the IJ's conclusion that Zheng did not establish a likelihood of Zheng's being subjected to torture if returned to China. *See Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).